UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| MOSHE STARK | Index No.: 19 CV 03411 |
| Plaintiff, | **COMPLAINT** |
| -against- | Plaintiff Demands Trial by Jury |
| CITY OF NEW YORK and NYPD DETECTIVE ESTEVEZ, | |
| Defendants. | |

-------------------------------------------------------------X

Plaintiff, MOSHE STARK, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and NYPD DETECTIVE ESTEVEZ ("Det. ESTEVEZ") upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, MOSHE STARK, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant NYPD DETECTIVE ESTEVEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant Det. ESTEVEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental

to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8. This complaint stems from an incident that occurred on March 27, 2018.

9. On that day, an individual by the name of Mr. Grossman ("the complainant"), who is one of plaintiff's neighbors, complained to police that someone was harassing him by emptying the air from his car tires and engaging in other acts of similar mischief.

10. Upon information and belief, the complainant attempted to identify several people he felt responsible for the harassment and he submitted a statement to police that included plaintiff as one of the individuals who harassed him.

11. On the day of the incident, plaintiff was at home when he heard a commotion in the street. He never made any contact with the complainant and there is video which shows clearly that plaintiff had nothing to do with the incident.

12. However, several days later plaintiff received a phone call from defendant Det. ESTEVEZ informing him that a complaint had been filed against him and that he needed to turn himself in.

13. Plaintiff then retained an attorney, Charles Finkelstein, at a cost of $3,500 and the attorney arranged for plaintiff to turn himself in.

14. On June 12, 2018 plaintiff, accompanied by his attorney, turned himself in to Det. ESTEVEZ at the 66th Precinct.

15. On that date, the attorney offered to show defendant Det. ESTEVEZ the video that showed no contact between the complainant and plaintiff, and which would have exculpated

plaintiff from any involvement in the complained of incident, but the detective refused to view it or take it into consideration.

16. Shortly thereafter, the complainant was called to the precinct for the purpose of conducting a lineup.

17. While plaintiff was in the holding cell, he could hear the complainant tell Det. ESTEVEZ and the other officers that he could not identify plaintiff as someone involved in the harassment.

18. At that point, plaintiff overheard Det. ESTEVEZ threaten the complainant with arrest if he refused to identify plaintiff.

19. The complainant then identified plaintiff and Det. ESTEVEZ then formally placed plaintiff under arrest.

20. Plaintiff was held for approximately 12 hours at the 66th Precinct and was forced to return to court on two occasions before all charges against him were eventually dismissed and sealed.

21. This was plaintiff's first and only arrest.

## AS FOR A FIRST CAUSE OF ACTION

*False arrest as against defendant Det. ESTEVEZ in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

21. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

22. At all times during the events described above defendant Det. ESTEVEZ lacked probable cause to arrest plaintiff.

23. All of the aforementioned acts of defendant Det. ESTEVEZ were carried out under

the color of state law.

24. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by Det. ESTEVEZ in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

26. The acts complained of deprived plaintiff of his right to be free from false arrest and resulted in a period of false imprisonment lasting approximately 12 hours.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant Det. ESTEVEZ. The conduct of the defendant was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

29. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this complaint.

31. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 10, 2019
Brooklyn, NY

By:     */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Moshe Stark*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com