UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOSHE STARK,

            Plaintiff,

     v.                                    **DECISION & ORDER**
                                          19-CV-3411 (WFK)(RER)
CITY OF NEW YORK, *et al.*,

            Defendants.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On June 8, 2019, Moshe Stark ("Plaintiff") brought this § 1983 action against the City of New York and New York Police Department ("NYPD") Detective Ileen Estevez (collectively "Defendants") asserting claims for false arrest and municipal liability arising from Plaintiff's June 12, 2018 arrest. Complaint, ECF No. 1. On April 16, 2021, after the close of discovery in this case, Defendants moved for summary judgment. ECF No. 23. For the reasons set forth below, Defendants' motion is GRANTED in its entirety.

## BACKGROUND

The following facts, drawn from the parties' Local Rule 56.1 Statements are undisputed or described in the light most favorable to Plaintiff, the non-moving party. Fed. R. Civ. P. 56(c); *Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

On May 28, 2018, David Grossman filed a criminal complaint with the New York City Police Department ("NYPD") against Moshe Stark ("Plaintiff"). Pl.'s 56.1 Statement ("Pl. 56.1"), ECF No. 25-1 at ¶ 1; Defs.' 56.1 Statement ("Defs. 56.1"), ECF No. 23-1 at ¶ 1. The Complaint alleged that on the evening of May 27, 2018, Plaintiff assaulted Mr. Grossman. Pl. 56.1 at ¶ 1; *see also* Declaration of Tristan G. Montaque, Exhibit A ("Criminal Complaint"). On May 31, 2018, Detective Ileen Estevez conducted an in-person interview with Mr. Grossman at the 66th Precinct regarding his Criminal Complaint. *Id.* ¶ 2. At the interview, Mr. Grossman told Detective Estevez that Plaintiff pulled two "No Parking" signs off Mr. Grossman's fence, put the signs in the trunk of Plaintiff's car, broke the windshield on Mr. Grossman's car, hit his

1

car, and hit him over the head with a red power drill, injuring him. *Id.* ¶ 3. Mr. Grossman told Detective Estevez that Plaintiff had been calling and intimidating him since the incident in an effort to get him not to press charges. *Id.* ¶ 4. Mr. Grossman requested an order of protection against Plaintiff. *Id.*

On June 2, 2018, Detective Estevez called Plaintiff and informed him of the Complaint against him. *Id.* ¶ 5. Plaintiff then retained Attorney Charles Finkelstein. *Id.* ¶ 6. Plaintiff gave his attorney a video depicting the relevant incident. Plaintiff's Counter-Statement ("Pl. Counter St."), ECF No. 25-1 at ¶ 4. On June 12, 2018, Plaintiff and his attorney went to the 66th Precinct to meet with Detective Estevez. *Id.* ¶ 6. Plaintiff's lawyer recalled asking Detective Estevez to view the video because the video would exculpate his client. *Id.* At her deposition, Detective Estevez did not recall being presented with a video and denied ever refusing to review a video. *Id.* ¶ 7.

That same day, Mr. Grossman went to the precinct where he positively identified Plaintiff, via a photograph, as the person who assaulted him. Defs. 56.1 ¶ 7. Plaintiff was at the precinct when David Grossman arrived and testified that after he overheard Mr. Grossman tell Detective Estevez he was unable to identify Plaintiff, Detective Estevez responded that if he could not positively identify Plaintiff, she would arrest him for making a false complaint. Pl. Counter St. ¶ 10. Detective Estevez denies that Mr. Grossman told her he was unable to identify Plaintiff and that she in turn threatened him with arrest. *Id.* ¶ 11.

Plaintiff was then arrested and taken to Central Booking. Pl. 56.1 ¶ 8. An Order of Protection was granted to Mr. Grossman against Plaintiff, allowing only for incidental contact in front of Plaintiff's residence. *Id.* ¶ 9. Plaintiff remained in custody for over twelve hours before the charges against him were eventually dismissed. Pl. Counter St. ¶¶ 14–15.

2

On June 8, 2019, Plaintiff brought this § 1983 action against the City of New York and Detective Estevez asserting claims for false arrest and municipal liability. On April 16, 2021, after the close of discovery in this case, Defendants moved for summary judgment. ECF No. 23. For the reasons set forth below, Defendants' motion is GRANTED in its entirety.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" by citation to materials in the record, including depositions, affidavits, declarations, and electronically stored information. Fed. R. Civ. P. 56(a)-(c). Affidavits and declarations, whether supporting or opposing a summary judgment motion, "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.*; *see also Patterson v. Cty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). "In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to answer, "the threshold inquiry of determining whether there is the need for a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). The Court must therefore review whether the record could "lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party carries its preliminary burden, the burden shifts to the non-movant to

raise the existence of "specific facts showing that there is a genuine issue for trial." *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y. 2009) (Wexler, J.) (quoting *Matsushita*, 475 U.S. at 586). "The mere existence of a scintilla of evidence" in support of the non-movant will be insufficient to defeat a summary judgment motion. *Anderson*, 477 U.S. at 252. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

## DISCUSSION

Plaintiff brings a claim for false arrest against Detective Estevez, and against the City of New York for municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) ("*Monell* claim"). The Court analyzes each in turn.

### I. Plaintiff's False Arrest Claim Against Detective Estevez

To establish a claim for false arrest under 42 U.S.C. § 1983, a plaintiff must show that "the defendant intentionally confined him without his consent and without justification." *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996). Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff. *Id*. Probable cause to arrest exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id*.

4

Even if a court ultimately finds that probable cause did not exist, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was "arguable probable cause" to arrest. *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). Arguable probable cause exists "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.; see also Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002) (stating that "in situations where an officer may have reasonably but mistakenly concluded that probable cause existed, the officer is nonetheless entitled to qualified immunity") (citations omitted). Thus, "the analytically distinct test for qualified immunity is more favorable to the officers than the one for probable cause; 'arguable probable cause' will suffice to confer qualified immunity for the arrest." *Escalera*, 361 F.3d at 743.

Detective Estevez had probable cause to arrest Plaintiff based on Mr. Grossman's complaint and in-person interview. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."); *see also Miloslavsky v. AES Eng'g Soc'y*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992) (Sweet, J.) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed."), *aff'd* 993 F.2d 1534 (2d Cir.1993); *see also Ward v. City of New York*, 08-CV-7380, 2010 WL 3629536, at *1 (S.D.N.Y. Sept. 17, 2010) (Holwell, J.) (holding "[w]hen information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity").

Plaintiff sets forth two facts in support of his argument that Detective Estevez lacked

5

probable cause: (1) Plaintiff alleges Detective Estevez refused to watch a video presented to her by Plaintiff's defense attorney; and (2) Plaintiff alleges he heard Detective Estevez threaten Mr. Grossman with arrest if he failed to identify Plaintiff at the precinct. At her deposition, Detective Estevez did not recall being asked to watch a video or refusing to watch a video and denied coercing Mr. Grossman's identification. Plaintiff argues these inconsistencies present a genuine issue of material fact that precludes summary judgment. This Court disagrees.

Even assuming Plaintiff's version of events is true, Detective Estevez was not required to investigate all exculpatory defenses presented to her. *Jean v. Montina*, 412 F. App'x 352, 354 (2d Cir. 2011) (summary order) (holding officer's "failure to conduct a more extensive investigation before arresting [plaintiff] does not defeat probable cause"). When an officer possesses facts sufficient to establish probable cause, the officer is "neither required nor allowed to continue investigating, sifting and weighing information." *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006). In other words, "the arresting officer does not have to prove plaintiff's version wrong before arresting him." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *see also Jocks v. Tavernier*, 316 F.3d 128, 135–36 (2d Cir. 2003) ("We do not impose a duty on the arresting officer to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest."). Accordingly, once Detective Estevez had probable cause to arrest Plaintiff—which she did after the complaint and interview—she did not have a duty to watch a video which would have purportedly exculpated Plaintiff. Accordingly, whether Detective Estevez was actually presented with the video and refused to watch it is not a material factual dispute that precludes summary judgment.

Plaintiff's claim that Detective Estevez coerced Mr. Grossman's identification of Plaintiff

6

similarly fails to defeat probable cause. Detective Estevez already had probable cause to arrest Plaintiff by the time the photo-identification occurred based on Mr. Grossman's complaint and interview. Therefore, whether Mr. Grossman's identification was coerced by Detective Estevez does not create a material actual dispute that precludes summary judgment. And regardless, even if the facts here do not rise to the level of probable cause, they certainly suffice to establish "arguable probable cause" thus triggering qualified immunity. *Escalera*, 361 F.3d at 743 (explaining "the analytically distinct test for qualified immunity is more favorable to the officers than the one for probable cause"). In sum, because probable cause is a complete defense to a false arrest claim and Plaintiff had, at the very least, "arguable probable cause" triggering qualified immunity, Plaintiff's § 1983 false arrest claim against Detective Estevez is hereby DISMISSED.

    **II.**     **Municipal Liability**

Plaintiff also brings a claim for municipal liability against the City of New York. To hold a municipality liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) the existence of an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 649 (S.D.N.Y. 2015) (Koeltl, J.), *aff'd sub nom., Bertuglia v. Schaffler*, 672 F. App'x 96 (2d Cir. 2016) (summary order). The plaintiff may show the existence of such a policy or custom by identifying any of the following: (1) an express policy or custom; (2) an authorization of a policymaker of the unconstitutional practice; (3) failure of the municipality to train its employees, which exhibits a "deliberate indifference" to the rights of its citizens; or (4) a practice of the municipal employees that is "so permanent and well settled as to imply the constructive acquiescence of senior policymaking officials." *Corley*

*v. Vance*, 365 F. Supp. 3d 407, 438 (S.D.N.Y. 2019) (Failla, J.), *aff'd sub nom.*, *Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (summary order).

The municipal liability claim against the City of New York is premised on the alleged unconstitutional arrest of Plaintiff without probable cause. Since the Court has already concluded that probable cause existed for the arrest, the County cannot be held liable for the false arrest under *Monell*. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir.2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *see also Weiner v. McKeefery*, 90 F. Supp. 3d 17, 42 (E.D.N.Y. 2015) (Bianco, J.) (dismissing *Monell* claim premised on a false arrest because the Court had already concluded probable cause existed for arrest). Accordingly, the Court grants Defendants' motion for summary judgment as to Plaintiff's *Monell* claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED in its entirety. ECF No. 23. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2021
       Brooklyn, New York

8